## CIRCUIT COURT OF BALTIMORE CITY.

Filed May 29, 1923.

STATE OF MARYLAND
VS.
LAFAYETTE BANK.

*Edwin T. Dickerson* for William Penrose, claimant.

*Samuel J. Fisher* for George W. Page, receiver of the Lafayette Bank.

BOND, CARROLL T., J.—

This claim is for compensation for services rendered as special attorney for the bank during the month prior to the appointment of the receiver. The services may fairly be described as an effort at salvage. No agreement on compensation was made; the suit is on *quantum meruit.* It may be that if the effort had succeeded, the directors of the bank would have rewarded Mr. Penrose liberally, and far beyond mere compensation for the time and effort expended. Under the existing circumstances, however, the Court could at most consider only compensation for a given amount of attorney's services without reference to result, if any compensation at all is allowable.

The effort was undoubtedly made principally to arrange loans for the bank. But the Court is referred to the facts that Mr. Penrose, especially through his connection with the Montrose Building Association and the subscription to bank stock made for it, and through his guaranty of the debt secured by the Bubert mortgage to the bank, was himself heavily concerned in the bank's affairs, that on the hearing on the petition of the Montrose Association he repudiated the suggestion that he rendered these services to the bank for compensation, that he did not file any claim for compensation in the receivership proceedings during the main stages of that proceeding or until after two successive dividends had been distributed to creditors and until after suit was brought by the receiver against him as guarantor of the debt secured by the Bubert mortgage—all notwithstanding the fact that he had previously, throughout the receivership, been discussing with the receiver this claim on the guaranty. And on these facts it is argued that the services were rendered for Mr. Penrose's own benefit, and, at least, without any expectation of compensation, and that the present claim is born of a desire for set-off to the claim on the guaranty.

It would be an easy and agreeable solution of the problems presented by the two proceedings in which Mr. Penrose is involved to award him a fair sum as compensation, to serve as an offset to the large amount for which he is found liable on his guaranty, but I cannot escape the conclusion that the receiver is right in his argument, and that I should be allowing a claim which is not based upon a real implied obligation if I should give the compensation now prayed.

For these reasons the petition is dismissed.